## G. W. MARTIN *v.* WILLIAM WHITE.

[Abstract Kentucky Law Reporter, Vol. 1—347.]

**Award of Arbitrators.**

     After arbitrators have signed their award and adjourned their power ceases, and they have no right to alter the award without the consent of both parties; and any effort by such arbitrators to make a new award between the parties is a nullity.

APPEAL FROM BALLARD COURT OF COMMON PLEAS.

October 26, 1880.

OPINION BY JUDGE HINES: .

We are of the opinion that the award of December 18, 1875, should have been enforced. It came within the terms of submission and is complete upon its face. It adjudges that Martin shall pay White a specific sum of money without condition or qualification. It is signed by the arbitrators and the umpire, and is stated by them to be a settlement of the partnership affairs submitted to their arbitration, but, as claimed by them, there was no understanding that any

error committed by them might be corrected at some future time. After signing the award and adjourning their power over the matter ceased; they had no right to alter it in any way without the knowledge and consent of both parties, any more than they had a right to make an entirely new award; and consequently the pretended award dated December 25, 1875, is a nullity.

It is immaterial that a written copy of the award was not given to each of the parties. The terms of the submission were complied with in reducing the award to writing, which was the only condition stipulated for in the agreement to submit to arbitration. This was a common-law award, and under the submission the parties had a right to make any stipulation they chose as to notice; and having provided that the award should be reduced to writing, notification in any way of its terms was sufficient. The understanding of the arbitrators as to the effect of the award is entitled to no consideration in determining its meaning. The writing must speak for itself.

Judgment *reversed* and cause remanded for further proceedings.

*Buggs & Bishop, J. M. Bigger, for appellant.*

*J. M. Nichols, for appellee.*